IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00055-PAB-MJW

LINDA BIGLEY,

Plaintiff(s),

v.

CIBER, INC., LONG TERM DISABILITY COVERAGE FOR:  CLASS I: ALL SALARIED AND ADMINISTRATIVE EMPLOYEES WHO WORK 40 HOURS PER WEEK, and CLASS II: ALL OTHER SALARIED AND ADMINISTRATIVE QUALIFIED FULL-TIME EMPLOYEES WHO WORK 32-40 HOURS PER WEEK,

Defendant(s).

**ORDER REGARDING
DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES IN A SUM CERTAIN
(DOCKET NO. 27)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Application for Attorneys' Fees in a Sum Certain (docket no. 27) and the attachments (docket no. 27-1 and 27-2).  The court has reviewed the subject motion (docket no. 27) and the response (docket no. 36). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on July 8, 2011, this court entered the following Minute Order (docket no. 24):

> It is hereby ORDERED that the Unopposed Motion Requesting Discovery (Docket No. 21) is granted, and thus the defendant is granted leave to conduct additional discovery for the purpose of completing the administrative record as described in the motion. It is further ORDERED that on or before July 15, 2011, plaintiff shall show cause in writing why she should not have to pay the defendant's costs and attorney fees incurred in filing the Unopposed Motion Requesting Discovery which apparently was necessitated by the plaintiff's refusal to sign a release for the defendant to obtain the records described in the unopposed motion;

5. That on July 18, 2011, this court entered the following Minute Order (docket no. 25):

> In a Minute Order entered on July 8, 2011 (Docket No. 24), this court granted the defendant's Unopposed Motion Requesting Discovery (Docket No. 21) and directed that "on or before July 15, 2011, plaintiff shall show cause in writing why she should not have to pay the defendant's costs and attorney fees incurred in filing the Unopposed Motion Requesting Discovery which apparently was necessitated by the plaintiff's refusal to sign a release for the defendant to obtain the records described in the unopposed motion." Plaintiff has not complied with that order.
>
> It is thus hereby ORDERED that defendants shall be awarded its attorney fees and costs incurred in filing the Unopposed Motion Requesting Discovery (Docket No. 21). The parties shall forthwith confer concerning the amount of such attorney fees and costs. If the parties cannot agree on the amount plaintiff shall pay defendant, then on or before August 2, 2011,

3

>    defendant shall file an affidavit with the court
>    concerning such attorney fees and costs. Plaintiff
>    shall then have up to and including August 12, 2011,
>    to file a response, and defendant shall have up to and
>    including August 19, 2011, to file a reply;

6. That Plaintiff never responded to this court's July 8, 2011, Minute Order (docket no. 24).  In particular, Plaintiff did not comply with the portion of this Minute Order (docket no. 24) that states: ... "on or before July 15, 2011, plaintiff shall show cause in writing why she should not have to pay the defendant's costs and attorney fees incurred in filing the Unopposed Motion Requesting Discovery which apparently was necessitated by the plaintiff's refusal to sign a release for the defendant to obtain the records described in the unopposed motion."  Because Plaintiff did not respond to the Minute Order (docket no. 24), I issued Minute Order (docket no. 25) and awarded attorneys' fees and costs to Defendant.  See docket no. 25.  Instead of filing a response to the show cause as Ordered by this court in docket no. 24, Plaintiff choose to file an Objection (docket no. 26) on July 22, 2011, under Fed. R. Civ. P. 72 to an Award of Fees and Costs Related to Minute Orders of July 8, 2011 and July 18, 2011;

7. That Plaintiff has unnecessarily expanded the proceedings in this matter by not signing the requested release which was required for Defendant to obtain necessary documents from Prudential in order to compile and file the administrative record.  The court notes that

4

yesterday the Defendant filed an unopposed motion to supplement the administrative record with the voluminous Prudential records (docket no. 37); and

8. That the benchmark for an award of attorney fees under nearly all of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989). Taking these factors into consideration, I find that the hourly rate of $355.00 charged by Defendant's attorney Brett Painter and the hourly rate of Defendant's other attorney Kristi Walton of $235.00, based upon each attorney's training, education, and level of experience are fair and reasonable hourly rates for attorneys practicing law in Denver, Colorado. In addition, I find that attorney time billed as itemized in

5

Exhibit 1 (docket no. 27-2) to prepare and litigate Defendant's Unopposed Motion Requesting Discovery (docket no. 21) was necessary and reasonable.   Accordingly, Plaintiff should pay to Defendant the sum of $2,178.00 in reasonable and necessary attorney fees.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant's Application for Attorneys' Fees in a Sum Certain (docket no. 27) is **GRANTED**; and

2. That Plaintiff Linda Bigley shall pay to Defendant Ciber, Inc. Long Term Disability Coverage for: Class I: All Salaried and Administrative Employees Who Work 40 Hours Per Week; and Class II: All Other Salaried and Administrative Qualified Full-Time Employees Who Work 32-40 Hours Per Week the amount of $2,178.00 on or before September 30, 2011.

Done this 8th day of September, 2011.

                BY THE COURT

                s/Michael J. Watanabe
                MICHAEL J. WATANABE
                U.S. MAGISTRATE JUDGE