IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00055-RBJ-MJW

LINDA BIGLEY,

    Plaintiff(s),

v.

CIBER, INC. LONG TERM DISABILITY COVERAGE FOR: CLASS I: ALL SALARIED AND ADMINISTRATIVE EMPLOYEES WHO WORK 40 HOURS PER WEEK; AND CLASS II: ALL OTHER SALARIED AND ADMINISTRATIVE QUALIFIED FULL-TIME EMPLOYEES WHO WORK 32-40 HOURS PER WEEK,

    Defendant(s).

---

### ORDER REGARDING PLAINTIFF'S MOTION REQUESTING DISCOVERY (DOCKET NO. 46)

---

**ENTERED BY UNITED STATES MAGISTRATE JUDGE MICHAEL J. WATANABE**

This matter is before the court on Plaintiff's Motion Requesting Discovery (docket no. 46). The court has reviewed the subject motion (docket no. 46) and the response (docket no. 49) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this is an action for review of an administrative record under the Employee Retirement Income Security Act of 1974, as amended ("ERISA");

5. That this action was originally filed in the Arapahoe County District Court and was removed on January 7, 2011.  See docket no. 1;

6. That the Complaint was filed in this court on January 7, 2011.  See docket no. 2;

7. That on June 20, 2011, I conducted a Rule 16 Scheduling Conference and entered a Rule 16 Scheduling Order.  See docket no. 18.  In the Scheduling Order, the parties were ordered to file any motion requesting discovery by August 8, 2011.  (See docket no. 18, p. 8).  That on September 7, 2011, I entered an Order (docket no. 39) extending the deadline to file any motion requesting discovery to October 14, 2011.  The subject motion (docket no. 46) was filed with the court on October 14, 2011;

8. That a party seeking to supplement the administrative record bears the burden of establishing that additional evidence is necessary to the district court's review.  Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151, 1163 (10th Cir. 2010).  In ERISA cases, courts do not allow plaintiffs to engage in unnecessary, broad discovery

3

that "slows the efficient resolution of an ERISA claim." Id. at 1162-63. Instead, discovery in an administrative review case is appropriate only in rare instances where a plaintiff (1) challenges the plan administrator's procedures or (2) asserts bias or conflict of interest. Id. at 1162;

9. That Plaintiff argues that a deposition is necessary to determine (1) if the documents submitted by the Plan to complete the administrative record are the same materials compiled by the Plan Administrator and (2) what type of review the Plan Administrator actually conducted of Plaintiff's claim for benefits. See subject motion (docket no. 46) at paragraphs 4-6, inclusive;

10. That Plaintiff has not challenged the Plan Administrator's procedures nor alleged a conflict of interest. Moreover, Plaintiff is not entitled to explore a plan administrator's thought processes or analysis. See Panther v. Synthes (USA), 371 F. Supp.2d 1267, 1275-76 (D. Kan. 2005); and

11. That Plaintiff has failed to demonstrate and to meet her burden of proof as to why discovery, in the form of a deposition of the Plan Administrator, is needed before District Judge Jackson can fairly and throughly review the administrative record to determine whether the Plan Administrator's decision to deny Plaintiff's long term disability benefits was arbitrary and capacious. See Weber v. GE Group Life Assur., 541 F.3d 1002, 1010 (10th Cir. 2008), for

4

standard for review.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion Requesting Discovery (docket no. 46) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 10th day of November 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE