IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00055-RBJ-MJW

LINDA BIGLEY,

Plaintiff(s),

v.

CIBER, INC., LONG TERM DISABILITY COVERAGE FOR:  CLASS I: ALL SALARIED AND ADMINISTRATIVE EMPLOYEES WHO WORK 40 HOURS PER WEEK, and CLASS II: ALL OTHER SALARIED AND ADMINISTRATIVE QUALIFIED FULL-TIME EMPLOYEES WHO WORK 32-40 HOURS PER WEEK,

Defendant(s).

---

**ORDER FOR SANCTIONS**
**(DOCKET NO. 24 )**

---

Entered by Magistrate Judge Michael J. Watanabe

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on December 20, 2011, Judge R. Brooke Jackson entered his Order on Pending Motions (docket no.59).  In this Order, Judge Jackson remanded this case to Magistrate Judge Watanabe for

2

further consideration concerning Magistrate Judge Watanabe's Minute Order dated July 8, 2011 (docket no. 24). In particular, Judge Jackson stated in his Order:

> [T]he matter is remanded to the magistrate judge. Plaintiff may respond to the order to show cause, that is, to show cause why plaintiff or counsel should not be sanctioned for refusing to provide a release for the Prudential records. Plaintiff is directed to file his substantive response to the order to show cause within one week after the date of this order. The magistrate judge may then determine whether to hold a hearing and, ultimately, whether an award of attorney's fees or costs is appropriate.

5. That a future hearing regarding the remand is not necessary and will not materiality assist this court;

6. That Plaintiff filed a Response to Court's Order to Show Cause Why Attorney Fees Should not be Awarded (docket no. 61) on December 27, 2011, which this court has reviewed and considered;

7. That Defendant Ciber filed a Reply to Plaintiff's Response to Court's Order to Show Cause Why Attorney Fees Should not be Awarded (docket no. 62) on January 3, 2012, which this court has reviewed and considered;

8. That I have taken judicial notice of the court's file and have considered applicable Federal Rules of Civil Procedure and case law;

9. That Plaintiff did not object to the supplementation of the administrative record with regard to the Prudential records. Defendant Ciber requested that Plaintiff provide Defendant Ciber

3

with a written release for the Prudential records due to concerns that Prudential Insurance Company of America had under the Health Insurance Portability and Accountability act of 1996 ("HIPAA"). Plaintiff refused to provide Defendant Ciber with a written release for the Prudential records even though Plaintiff knew that the records from Prudential were needed to complete the administrative record and such refusal caused this case to be unnecessarily expanded, forced Defendant Ciber to file an unnecessary motion (docket no. 21), and Defendant Ciber incurred unnecessary additional attorney fees and costs. As stated by Judge Jackson in his Order (docket no. 59), *in pertinent part,* " **. . . it is the type of procedural nonsense that causes litigation costs to soar and the merits of a case to be delayed.**" See top of page 6 of Order on Pending Motions (docket no. 59). This type of **"procedural nonsense"** will not be tolerated by this court. Plaintiff has failed to show cause why sanctions should not be imposed. Accordingly, I find that Plaintiff's counsel, Brian A. Murphy, Esquire, is responsible for the above-stated conduct and not Plaintiff herself, and therefore only Mr. Murphy should be sanctioned for such behavior.

### ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law this

4

court **ORDERS:**

1. That the Order to Show Cause dated July 8, 2011 (docket no. 24) is made Absolute.  Plaintiff's counsel, Brian A. Murphy, Esquire, shall pay to Defendant Ciber reasonable attorney fees and costs for Defendant Ciber having to file its Unopposed Motion Requesting Discovery (docket no. 21) plus having to file its Reply to Court's Order to Show Cause Why Attorney Fees Should not be Awarded (docket no. 62).  Counsel for the parties are to meet and confer forthwith, and if the parties are able to agree upon the amount of attorney fees and costs, then on or before **February 17, 2012,** they shall file a Stipulated Motion and proposed Order setting forth the amount of attorney fees and costs to be awarded to Defendant Ciber**.**  If the parties are unable to agree upon the amount of attorney fees and costs, then Defendant Ciber shall have up to and including **February 17, 2012**, to file with the court its itemized affidavit for attorney fees and costs for having to file its Unopposed Motion Requesting Discovery (docket no. 21) and for having to file its Reply to Court's Order to Show Cause Why Attorney Fees Should not be Awarded (docket no. 62).  Plaintiff shall have up to and including **March 2, 2012**, to file any Response to Defendant Ciber's affidavit for attorneys fee and costs.  If a Response is filed, then Defendant Ciber shall have up to and including **March 12,**

**2012**, to file any Reply.

Done this 2nd day of February 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE