IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-0055-RBJ-MJW

LINDA BIGLEY,

    Plaintiff,

v.

CIBER, INC., LONG TERM DISABILITY COVERAGE FOR: CLASS I: ALL SALARIED AND ADMINISTRATIVE EMPLOYEES WHO WORK 40 HOURS PER WEEK, AND CLASS II: ALL OTHER SALARIED AND ADMINSTRATIVE QUALIFIED FULL-TIME EMPLOYEES WHO WORK 32-40 HOURS PER WEEK,

    Defendant.

---

ORDER on PENDING MOTIONS

---

This order addresses plaintiff's objection to Magistrate Judge Watanabe's order for sanctions [docket #65], defendant's motion for attorneys' fees and costs [#66], and plaintiff's motion to strike evidence submitted by the defendant [#71].

**I.  OBJECTION TO ORDER FOR SANCTIONS AND MOTION FOR ATTORNEYS' FEES AND COSTS.**

**Facts**

This is an appeal on an administrative record from the denial of long-term disability payments, allegedly in violation of ERISA. Plaintiff is a former employer of Ciber, Inc. She submitted a claim for long-term disability benefits based upon a bipolar condition that she alleged prevented her from continuing to work. After receiving such benefits for two years, was denied further benefits. Briefs on the merits have been filed. Unfortunately, however, the time

and attention of the parties, counsel and the Court have been diverted from the merits by litigation over the filing of the record and related procedural issues.

At a pretrial conference on June 6, 2011 the parties agreed that the defendant would put together the administrative record and submit it to the Court no later than July 7, 2011. The defendant, Ciber, Inc. had a third party administrator for the plan, The Prudential Insurance Company of America ("Prudential"). Prudential made the decisions in regard to claims for benefits, and therefore it had pertinent records in its custody needed to complete the record for this Court's review. However, Prudential could not release the records without a release signed by Ms. Bigley. Ms. Bigley through counsel refused to provide a release. Therefore, defendant was forced to file a motion for discovery [#21] and issue subpoenas to obtain the records. Plaintiff did not oppose the motion.

On July 8, 2011 Magistrate Judge Watanabe granted the "discovery" motion. Concerned about what appeared to have been an unnecessary motion resulting from plaintiff's initial position, Judge Watanabe *sua sponte* issued an order to plaintiff to show cause by July 15, 2011 as to why she should not have to pay defendant's costs and attorney's fees incurred in filing the motion. [#24]. Plaintiff did not file anything in response to that order, and on July 18, 2011 Judge Watanabe awarded attorney's fees and costs in an amount to be determined after briefing unless the parties could agree on an amount. [#25].

Plaintiff filed an objection to that order, claiming, among other things, that he had been ill and had not become aware of the order to show cause. [#26]. While that was pending, and because the parties could not agree on an amount, defendant filed a motion for attorney's fees in the amount of $2,178, supported by an affidavit of defense counsel and an itemization of the fees billed. [#27]. Plaintiff responded, objecting to any award but not addressing specific line items

2

of the amount requested. [#31]. On September 8, 2011 the magistrate judge, finding that the fees were necessarily incurred and reasonable in amount, awarded the $2,178 requested.

On December 20, 2011 this Court, in the course of ruling on three objections to magistrate judge orders that plaintiff had by then filed, remanded the case to the magistrate judge to give plaintiff an additional seven days to show cause why plaintiff should not have to pay defendant's fees incurred in filing the motion [#59]. Plaintiff filed a response and defendant filed a reply to the order to show cause [#61, #62]. After reviewing those filings, Judge Watanabe determined that plaintiff had not shown cause for not imposing sanctions. He again found that it was appropriate for plaintiff to pay defendant's reasonable attorney's fees and costs incurred for having to file its discovery motion. In addition, he ordered plaintiff to pay defendant's reasonable and necessary fees and costs for preparing and filing a reply to the response to the order to show cause. The magistrate judge found that plaintiff's counsel was responsible for the conduct, and therefore, he ordered that counsel, not the plaintiff, would be sanctioned for the conduct. [#64]. Finally, the magistrate judge ordered the parties to meet and confer in an attempt to agree on the amount of the fees and costs. If agreement could not be reached, then defendant would submit an itemized affidavit in support, followed by a response and a reply. *Id.*

Plaintiff then filed an objection to this order [#65]. Defendant filed an "Application for Attorney's Fees and Costs in a Sum Certain" [#66]. Defense counsel claimed that she had "attempted to confer with Plaintiff's counsel . . . by email," but that plaintiff's counsel had not responded. *Id.* at 1-2. Once again the fee application was supported by an affidavit of defense counsel and itemized billings, now including the original support for the $2,178 which had been reviewed by the magistrate judge and an additional $1,896 for preparing a reply to the response

3

to the order to show cause. Defendant also filed a response to plaintiff's objection to the magistrate's order [#68]. Plaintiff filed a response to defendant's fee application [#69]. Defendant subsequently filed a reply in support of its fee application [#73].

**Standard of Review**

An order on a motion that is not dispositive of a claim or defense is reviewed for clear error. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). When reviewing non-dispositive motions "district courts review such orders under a 'clearly erroneous or contrary to law' standard of review." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)).

**Conclusions**

<u>Magistrate Judge Watanabe's Order</u>

In his objection to the sanction order [#65] plaintiff's counsel argues that (1) Judge Watanabe lacked authority to sanction him; (2) counsel cannot be sanctioned for complying with the Federal Rules of Civil Procedure, local rules and the magistrate judge's verbal orders; (3) plaintiff had no obligation to sign a HIPPA release, which is not a required disclosure; and (4) fees and costs for the defendant's filing of a reply to the response to the order to show cause should not be allowed, as this was an unnecessary filing. I disagree with each of these arguments.

First, courts have inherent authority to control proceedings and to sanction improper litigation conduct. Moreover, federal courts also have express authority to sanction attorneys who unreasonably and vexatiously multiply proceedings. 28 U.S.C. § 1927. The refusal to provide a release of records obviously needed to complete the administrative record in an ERISA

4

appeal is unreasonable. Forcing defendant to incur the expense of having its attorneys file a motion for "discovery" to accomplish what a simple release would have accomplished is unreasonable. To do those things and then not to oppose defendant's motion for discovery was unreasonable. Picking up on a phrase this Court used in its remand order, the magistrate judge indicated that he would not tolerate that type of procedural nonsense. Order, February 2, 2012 [#64] at 3. Those findings were not clearly erroneous.

To the extent the magistrate judge implicitly found the conduct to be vexatious, it is perhaps a closer question. Plaintiff's counsel appears, based on his conduct in this case, to be inexperienced in ERISA litigation. For example, he demanded a jury trial and full pretrial discovery as if this were a typical civil lawsuit, which an ERISA appeal is not. That could explain conduct that, while being unreasonable, was done in good faith and a misunderstanding of the applicable procedure and therefore not vexatious.

However, I then consider counsel's other arguments. Counsel suggests that the magistrate judge sanctioned him for "complying with the rules." Objection [#65] at 2. During the scheduling conference the magistrate judge apparently prohibited the parties from engaging in discovery without court approval. The scheduling order [#18] established a deadline for filing a motion requesting discovery. *Id.* at 8. This is not surprising. Because ERISA reviews are based on the administrative record, permissible discovery is quite limited. However, counsel's objection to providing a release for records needed to complete the administrative record cannot in any sense be viewed as objecting to a defense effort to conduct discovery contrary to those orders. The defendant was trying to fulfill its obligation to file a complete administrative record and was required to resort to a "discovery" motion only because it couldn't obtain the release.

Also, one must wonder why plaintiff's counsel would then turn around and indicate his lack of opposition to the discovery motion if he thought defendant was violating the scheduling order.

Likewise, this has nothing to do with plaintiff's HIPPA rights. Plaintiff applied for disability benefits, and a record was created of defendant's actions on that application and the internal appeals that followed. Plaintiff then appealed to this Court. The defendant was merely trying to assemble the record that had already been compiled so that the parties and the Court could use it.

When I look at the entire record, including counsel's largely inexplicable actions, the poorly conceived attempts to justify those actions, counsel's consistent failure to acknowledge any error or take any responsibility for any of the conduct, counsel's knowledge that every one of these procedural gambits causes the defendant to incur time and expense, and the fact that similar conduct has continued to occur – as discussed in Section II of this order below – I find that this continuing pattern has risen to the level of being substantially vexatious. Accordingly, to the extent the authority of 28 U.S.C. § 1927 is necessary to support the magistrate judge's decision – and, again, I believe that judges have inherent authority to control and, if necessary, to sanction attorney misconduct even without the federal statute -- I find conclude that the standard has been met.

Finally, as to whether it was appropriate for the defendant to file a reply to plaintiff's response to the order to show cause, I, like the magistrate judge, find no fault with this. Particularly after reading the response [#61] and some of the things that were asserted about the defendant and the compilation of the record, I am not surprised that the defendant wished to respond. Filing a reply to the response might not have been necessary to obtain the same result, but I cannot speculate on that. The magistrate judge considered the reply. [#64] at 2.

Accordingly, this Court denies the objection [#65] to the magistrate judge's order [#64] in all respects. There was no clear error.

Defendant's Requested Fees

After Judge Watanabe's order for attorneys' fees, the parties did not agree upon a reasonable amount of fees. In fact, they did not try. Defense counsel states that she attempted to confer by email. Sending an email is never a satisfactory means of conferring. Confer means to talk to opposing counsel. Moreover, according to plaintiff's counsel, he did not receive the email, due to a problem with his email provider. However, it is essentially a moot point, as plaintiff's counsel has indicated [#69] that had he been contacted, he would have objected to most of the line billing items that support the fee request.

With respect to the component of the fee application that relates to the filing of the "discovery" motion, I reiterate that Judge Watanabe reviewed the same affidavit and supporting information before this Court's remand (on other grounds) and found the fees requested to have been necessarily and reasonably incurred. Still, that finding must be reviewed for any clear error.

Defendant first asserts that only seven of the 20 line items that defendant has submitted in support of its application were for work on the discovery motion or the reply to the response to the order to show cause. *See* objection [#69] at 3 (referring to the itemized billings found at [#66-2 at 3-6]. This is based solely on plaintiff's counsel's interpretation of the billing descriptions. It is squarely contradicted by the affidavit of defense attorney Painter [#66-2] who states that the amounts requested do relate to those two tasks. *Id.* at 2, ¶4. I am not prepared to reject the representation of defense counsel, who recorded his time and his associate's time, based on opposing counsel's interpretation of the entries. Significantly, although a party

disputing the amount of an attorney's fee award may always request an evidentiary hearing, no hearing has been requested here.

Second, counsel asks the Court to deny any fee for preparing a reply to the response to the order to show cause. For the reasons set forth earlier in this order, I conclude that it was not unreasonable or inappropriate for the defendant to have filed the reply.

Finally, counsel argues that a $92.94 expense for online case research is unreasonable, because Colorado attorneys have access to free legal research through CaseMaker and the Colorado Bar Association. The Court does not know what is available through those sources or what difficulties, if any, exist in obtaining access. This was not explained. Therefore, I accept again the affidavit of defense counsel that this was a research cost that they have incurred, believed they needed to incur, and billed their client.

I will acknowledge that I could look at some of the line items and wonder whether less time could have been recorded. I could question why the reply was prepared by a partner, at partner's rates, when much of the initial work was recorded by the associate. However, the Court will not engage in that type of speculation. The Court begins with the "lodestar" (reasonable hours multiplied by reasonable fee; *see, e.g., Anderson v. Sec. of Health and Human Servs.,* 80 F.3d 1500, 1504 (10th Cir. 1996)) and then makes any appropriate adjustments by applying such factors as those listed in the Colorado Rule of Professional Conduct § 1.5. Where counsel does not request a hearing or present affidavits or other evidence that the hours requested were unnecessary, that the rates used were unreasonable, or that there is some other reason to discount the amount requested, but instead presents only the offending attorney's own comments on whether he thinks the time and rates were reasonable, the Court has little to go on beyond the affidavit and itemized billing of the requesting attorney. There is nothing in the itemized billing

that jumps out at me as being obviously or even probably inappropriate. That is based upon a number of years as either a practicing lawyer or a judge in this community.

Therefore, the Court finds that fees and costs totaling $4,166.94 ($2,178 relating to the discovery motion, $1,896 relating to the reply to the response to the show cause order, and $92.94 in costs) is a necessary and reasonable amount. It should be paid by plaintiff's counsel, not plaintiff, within 14 days of the service of this order.

## II.   MOTION TO STRIKE NEW EVIDENCE SUBMITTED BY DEFENDANT

### Facts

On January 1, 2012 plaintiff filed her opening brief on the merits [#63]. The brief begins with a series of objections: (1) a renewed objection to the Court's denial of her request for a trial; (2) an objection to the absence of an authentication of the administrative record, particularly by testimony of a representative of Prudential; and (3) an objection to inclusion in the administrative record of any documents to which plaintiff does not consent, because many of the documents are inadmissible hearsay. I note that there is no indication that counsel attempted to confer with defense counsel concerning the authentication issue.

Defendant submitted with its response brief [#67] copies of the subpoena by which it obtained the records from Prudential [#67-1]; the affidavit of Meredith Forman, custodian of records at Prudential, attesting that Prudential collected and produce all records related to plaintiff Linda Bigley in response to the subpoena [#67-2]; and the affidavit of David Plisko, custodian of records for CIBER long term disability plan, confirming and authenticating the administrative record, including the Prudential records. [#67-3].

Plaintiff through counsel then filed a motion to strike as "new evidence" the subpoena and the two affidavits that had been submitted with defendant's response brief [#71]. Plaintiff

complained that defendant had not previously disclosed Ms. Formon or Mr. Plisko as witnesses, and that their affidavits could not be considered, as they were not part of the administrative record. This spurred defendant to file a response brief [#74] including another request for attorney's fees as a sanction.

**Conclusions**

Plaintiff complained that defendant did not authenticate the record. Defendant responded by providing authenticating affidavits. Plaintiff then moved to strike the very information the absence of which had stimulated her complaint. The motion to strike evidence is meritless on its face.

Likewise, plaintiff's position that the administrative record cannot contain inadmissible hearsay reflects counsel's continuing failure to understand the procedure in an ERISA case. The administrative record is what it is. If it contains hearsay that would be inadmissible in a court of law under the Federal Rules of Evidence, so be it. The rules of evidence do not apply to what the plan or third party administrator may consider in evaluating a long term disability claim. If they rely on unreliable evidence, then that could and should be considered by the reviewing court in making a determination as to whether to affirm or reverse the decision of the administrators. However, the Court does not exclude evidence that is part of the record considered below, nor certainly would the record be restricted to those documents to which plaintiff consents.

Nevertheless, the Court declines to make an additional award of attorney's fees for several reasons. First, this dispute possibly (although plaintiff counsel's actions might suggest otherwise) would have been avoided had the authenticating affidavits been submitted in the first place. Second, neither counsel apparently made any effort to pick up the phone and attempt to resolve this latest procedural distraction. Third, the Court certainly did not need (or read) an

eight-page brief in response to the motion to strike, because the motion was groundless on its face. Finally, the Court considered this latest chapter of plaintiff counsel's actions as part of the totality of circumstances that convinced me that the conduct was both unreasonable and vexatious. Ordering more attorney's fees at this time has a feeling of "piling on" to it, and I exercise my discretion not to do it. The attorney's fee and cost sanction ordered above should, I hope, serve as a wake-up call and a lesson learned.

**Order**

1. Objection #65 is DENIED. Magistrate Judge Watanabe's order for sanctions is affirmed.
2. Motion #66 is GRANTED. Plaintiff's counsel is ordered to pay to the defendant, through defense counsel, the sum of $4,166.94 within 14 days of this order.
3. Motion #71 is DENIED.

DATED this 13th day of November, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge